UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:

**Karen A Nowak,**  Case No. 1-19-10808-MJK

Chapter 7

**HON. Michael J. Kaplan**

        Debtor(s).

-------------------------------------------------------------------x

## MOTION FOR RELIEF FROM AUTOMATIC STAY

**TO:   THE HONORABLE MICHAEL J. KAPLAN
UNITED STATES BANKRUPTCY JUDGE**

Secured Creditor, Nationstar Mortgage LLC d/b/a Mr. Cooper, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Karen A Nowak, filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on April 22, 2019.

2. On November 24, 2010, Debtor(s) executed and delivered a Promissory Note ("Note") and a Consolidation, Extension, and Modification ("Mortgage") securing payment of the Note in the amount of $83,950.00, of this amount $3,041.60 was advanced to Debtor(s), to HSBC Mortgage Corporation (USA). The Mortgage was recorded on December 17, 2010 in Instr # 2010-21240 of the Public Records of Niagara County, New York. The Mortgage was assigned to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The

documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

3. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgements, mortgages, and security agreements in support of right to see a lift of the automatic stay and foreclose if necessary.

4. The mortgage provides Secured Creditor a lien on the real property located at 3271 Porter Center Road, Porter, NY 14174, in Niagara County, and legally described as stated in the mortgage attached in Composite Exhibit "A."

5. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since January 1, 2019, with arrears in the amount of $2,032.48 as of April 24, 2019. A true and accurate copy of Secured Creditor's statement in regard to indebtedness and default is attached hereto as Exhibit "B." As per the Secured Creditor's statement the total amount due is $64,466.86.

6. The stated value of the property is $69,900.00. See Exhibit "C" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8). The subject property is also encumbered by additional liens in the amount of $4,003.20.

7. Based upon the Debtor(s)' schedules, the property is claimed as exempt. The Trustee has not abandoned the property.

8. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured

1-19-10808-MJK
19-285428
MFR

Case 1-19-10808-MJK, Doc 19, Filed 06/03/19, Entered 06/03/19 10:35:06, Description: Main Document , Page 2 of 4

Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

9. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11. The Trustee shall be notified of any surplus monies realized upon sale of the property in a foreclosure proceeding brought by Secured Creditor.

12. No previous application has been made for the relief request herein.

13. Secured Creditor requests approval of legal fees in amount of $750.00 and costs in the amount of $181.00 associated with this motion. Such fees and costs would not be collectable from the Debtor or chargeable to the Debtor's Bankruptcy estate.

*Space below intentionally left blank*

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d)(1) and (d)(2) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and for any such further relief as this Honorable Court deems just and appropriate.

Dated: June 3, 2019
       Westbury, NY

                                       By: /s/ Barbara Whipple
                                       Barbara Whipple, Esq.
                                       Attorneys for Movant
                                       900 Merchants Concourse, Suite 310
                                       Westbury, New York 11590
                                       bwhipple@rasflaw.com